UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

| | | |
|---|---|---|
| **VISION BAPTIST CHURCH OF JACKSONVILLE,** | ) ) ) | **Case No.: 3:08-bk-07659-JAF** **Chapter 11** |
| **Debtor.** | ) ) ) ) | **Hearing requested within 30 days pursuant to 11 U.S.C. §1112(b)(3).** **Hearing time: 10 minutes.** |

## UNITED STATES TRUSTEE'S
## MOTION TO DISMISS OR CONVERT CASE TO CHAPTER 7

COMES NOW, Donald F. Walton, United States Trustee for Region 21, by and through his undersigned counsel, and moves this Court to dismiss or convert this case to chapter 7 for cause pursuant to 11 U.S.C. § 1112(b), and states:

1. Vision Baptist Church of Jacksonville (the "Debtor") filed this Chapter 11 case on December 5, 2008.

2. As of the date of this motion, a committee of unsecured creditors has not been appointed by the United States Trustee.

3. Pursuant to 11 U.S.C. § 1112(b), where "cause" is shown on the motion of a party in interest, the bankruptcy court should dismiss or convert a chapter 11 case, whichever is in the best interests of creditors. A non-exhaustive list of examples of "cause" is set forth in §1112(b)(4) which includes: failure to maintain appropriate insurance that poses a risk to the estate or to the public; failure to comply with an order of the court; unexcused failure to satisfy timely any filing or reporting requirement; failure timely to provide information or attend meetings reasonably requested by the United States Trustee; failure to pay any fees or charges required under chapter 123 of title

28; and, failure to file a disclosure statement, or to file or confirm a plan. The only statutory exceptions to the mandated conversion or dismissal are: 1) the existence of "unusual circumstances specifically identified by the court;" or, 2) where "reasonable justification" exists for the deficiencies in the case, those deficiencies "will be cured within a reasonable period of time," and there is a reasonable likelihood that the debtor will confirm a plan. 11 U.S.C. § 1112(b)(1) and (2). Neither of these exceptions is applicable in the instant case.

    4. Pursuant to Bankruptcy Rule 2015(a) and 11 U.S.C. § 704(8) the debtor is to file with the court and with the United States Trustee, periodic reports and summaries of the operation of the business, including a statement of receipts and disbursements. The periodic report is to include such other information as the United States Trustee or the court requires. The Debtor has failed to comply with Bankruptcy Rule 2015(a) and 11 U.S.C. § 704(8) in addition to the Order Authorizing Debtor-In-Possession to Operate Business (the "Operating Order") (Docket No.: 8) entered on December 10, 2008. Specifically, the Debtor has failed to file the monthly operating report ("MOR") for the period of December 5, 2008 through December 31, 2008[1] and for the months of January through April 2009.

    5. The United States Trustee Guidelines for Chapter 11 Debtors-in-possession require numerous items to be provided by the Debtor-in possession as soon as practicable. On February 2, 2009, the United States Trustee sent correspondence to Debtor's attorney, Gerald B. Stewart, requesting various document that the Debtor was to provide on or before February 9, 2009 with the exception of the insurance which was to be provided on or before February 6, 2009. Additionally,

---

[1] The United States Trustee was provided with a copy of the MOR for the period of December 5, 2008 through December 31, 2008.

the Office of the United States Trustee has conferred with Debtor's counsel on other occasion(s) requesting the desired documents. To date the Debtor has not complied with all of these requests. The United States Trustee requires that certain items be provided in order to ensure the Debtor and the Estate, and by extension its creditors, are protected, e.g., proof of opening the debtor-in-possession account; copy of Debtor's 2009 projected budget; list of all checks written and other disbursements on all accounts ninety (90) days prior to filing the instant case; corporation resolution; file amendment to Schedule F to include unsecured debt; and, file amendment of Statement of Financial Affairs.

6. The Debtor has failed to provide proof of general comprehensive liability and casualty insurance, in addition to automobile insurance. The Debtor's failure to obtain insurance poses a risk to the estate or to the public.

7. The Debtor is delinquent in its payment of required quarterly fees to the United States Trustee. The United States Trustee asserts that the Debtor owes an estimated $325.00 in quarterly fees for the first quarter of 2009, which fees were due on April 30, 2009.

8. As of the date of this motion, the Debtor has not filed a Disclosure Statement or a Plan of Reorganization and such a delay can be prejudicial to creditors.

9. Pursuant to § 1112(b)(3), the Court shall commence a hearing on this Motion not later than 30 days after filing of same and shall decide the motion not later than 15 days after commencement of such hearing unless the movant expressly consents to a continuance for a specific period of time or compelling circumstances prevent the court from meeting such time limits.

10. The matters set forth above constitute grounds for the dismissal or conversion of this case under 11 U.S.C. § 1112(b) for cause including the following: 11 U.S.C. § 1112(b)(4)(C)

(failure to maintain appropriate insurance that poses a risk to the estate or to the public); 11 U.S.C. § 1112(b)(4)(E) (failure to comply with an order of the court); 11 U.S.C. § 1112(b)(4)(F) (unexcused failure to satisfy timely any filing or reporting requirement); 11 U.S.C. § 1112(b)(4)(H) (failure timely to provide information or attend meetings reasonably requested by the United States Trustee); 11 U.S.C. § 1112(b)(4)(K) (failure to pay any fees or charges required under chapter 123 of title 28) and, 11 U.S.C. § 1112(b)(4)(J) (failure to file a disclosure statement, or to file or confirm a plan).

11. A hearing on this Motion should take ten (10) minutes. However, more time may be required for said hearing to the extent the Debtor files any delinquent monthly operating reports or other documents. In that event, the United States Trustee reserves the right to proceed at the hearing on the Motion and present evidence to address any deficiency present in such late-filed or transmitted pleadings or documents, or alternatively reserves the right to amend this Motion to address the same.

WHEREFORE, the United States Trustee requests the Court enter an order granting his Motion, dismissing or converting Debtor's chapter 11 case, and granting such additional relief as the Court deems just and proper.

DATED: May 20, 2009.

DONALD F. WALTON
United States Trustee, Region 21

/s/   Miriam G. Suarez
Miriam G. Suarez, Trial Attorney
Florida Bar No.:  756105
United States Department of Justice
Office of the United States Trustee
135 W. Central Blvd., Suite 620
Orlando, FL 32801
Telephone No.: (407) 648-6301, Ext. 126
Facsimile No.:  (407) 648-6323
miriam.g.suarez@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing, Motion to Dismiss or Convert Case, has been served on May 20, 2009, through CM/ECF on all parties having appeared electronically in the instant matter, and by U.S. Mail on the following:

| | |
|---|---|
| Vision Baptist Church of Jacksonville | Gerald B. Stewart, Esquire |
| 8973 Lem Turner Rd | 220 East Forsyth Street |
| Jacksonville, Fl 32208 | Jacksonville, FL 32202 |

                                                  /s/   Miriam G. Suarez
                                                  Miriam G. Suarez, Trial Attorney